**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Fabian Rolando Malan Maynato,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**David Wesling, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13463-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

David Wesling and other named respondents to this action ("respondents") have filed a Notice of Intent to Remove petitioner, Fabian Rolando Malan Maynato ("petitioner") (Docket No. 9), to which petitioner, after being directed by the Court, has responded (Docket No. 11). For the reasons that follow, the Order of this Court prohibiting the transfer or removal of Petitioner (Docket No. 4) will be vacated.

## I. Facts

On July 29, 2026, Petitioner Fabian Rolando Malan Maynato ("petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging the constitutionality of his detention under 8 U.S.C. §1226 and seeking a bond hearing. On July 30, 2026, the Court entered an Order staying the

transfer or removal of petitioner pending further order of the Court.

The Court subsequently allowed the petitioner's writ of habeas corpus. Petitioner received a bond hearing before an Immigration Judge, who denied bond after concluding that Immigration and Customs Enforcement met its burden in demonstrating that petitioner is a danger to the community.

On September 1, 2026, and again on September 17, 2026, respondents filed a Notice of Intent to Remove petitioner ("Notice of Intent"). Respondents represent that petitioner was offered and accepted voluntary departure on July 29, 2026, that he did not depart within the time period specified and that he is now detained pursuant to 8 U.S.C. §1231 subject to a final order of removal. Respondents further explain that they are in a position to remove petitioner to Ecuador as soon as they are permitted to do so.

The Court directed petitioner to respond to the Notice of Intent which he did on September 25, 2026. Petitioner asserts that he signed the voluntary departure form at 4:14 P.M. on July 29, 2026, before conferring with counsel about the habeas petition that counsel filed later that same day. He contends that the record therefore does not establish that his agreement to voluntary departure was "knowing, voluntary, and intelligent." He asks the Court to stay respondents from

executing or otherwise acting upon the agreement and to permit limited factual development.

## II. Discussion

Petitioner asks the Court to stay respondents from "executing or otherwise acting upon" the voluntary departure agreement. When that agreement has ripened into a final order of removal, as respondents represent, petitioner's request amounts to a request to enjoin the execution of that order.

This Court does not have jurisdiction over such a claim. See 8 U.S.C. §1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien").

To the extent that petitioner challenges the validity of the removal order itself, that challenge is to be presented in the first instance to the agency and thereafter by petition for review in the court of appeals. See 8 U.S.C. §1252(a)(5), (b)(9).

In any event, petitioner has not shown that a stay is warranted under the circumstances. See Nken v. Holder, 556 U.S. 418, 434 (2009) (considering, inter alia, whether party seeking stay made a strong showing that he or she is likely to succeed on the merits and that he or she will be irreparably harmed absent stay). Here, petitioner has provided no authority in

support of the relief that he seeks nor has he submitted a declaration with respect to what he understood about the habeas petition at the time of signing the voluntary departure form. Moreover, the alternative that petitioner contends that he was prevented from considering when he signed the voluntary departure agreement, i.e., a bond hearing, has since been afforded to him and resulted in the denial of bond, leaving unclear what injury a stay would now avert.

**ORDER**

For the foregoing reasons, the requests of Petitioner for a stay and for further factual development contained within his response to Respondents' notice of intent to remove (Docket No. 11) which is treated as a motion to stay removal, is **DENIED**; and the Order of this Court staying the transfer or removal of Petitioner (Docket No. 4) is **VACATED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 7, 2026